IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY-WALSH, LLC | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-721C |
| v. | ) | |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiff, Grunley-Walsh, LLC ("Grunley-Walsh"), defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Denies the allegation contained in the first sentence of paragraph 4 that on May 6, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Avers that on May 13, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Admits the remaining allegations contained in the first sentence of paragraph 4 to the extent supported by Contract No. 1443CX305998901, which is the best evidence of its contents; otherwise, denies the remaining

allegations contained in the first sentence of paragraph 4. Admits the allegations contained in the third sentence of paragraph 4.

5. Denies the allegation contained in the first sentence of paragraph 5 that Contract Modification No. 7 was dated November 15, 2001. Avers that Contract Modification No. 7 was dated November 21, 2001, and was effective November 15, 2001. Admits the remaining allegations contained in paragraph 5 to the extent supported by Modification No. 7, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6. Admits the remaining allegations contained in paragraph 6 to the extent supported by Task Order 35, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 6.

7. Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth. Avers that the Olin Partnership is a subcontractor of Grunley-Walsh.

8. The allegations contained in paragraph 8 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Avers that the July 14, 2006 certified claim submitted by Grunley-Walsh was for $183,409.

9. Admits the allegations contained in the first sentence of paragraph 9 to the extent supported by the September 15, 2006 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 9. Admits the

allegation contained in the second sentence of paragraph 9 that the contracting officer has not issued a final decision; otherwise, denies the allegations contained in the second sentence of paragraph 9. The allegations contained in the third sentence of paragraph 9 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Denies. Avers that with Task Order 28, "Schematic Design, Design Development, and Supplemental Services for the Washington Monument Vehicle Barrier System and Underground Visitor Screening Facility," the National Park Service transmitted drawings to Grunley-Walsh.

11. Admits the allegations contained in paragraph 11 to the extent supported by the "background drawings" cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 11. Avers that it is not clear which "background drawings" plaintiff is referencing.

12. Denies that the drawing excerpt below paragraph 12 is an excerpt from any drawing issued or created by the National Park Service.

13. Admits the allegations contained in paragraph 13 to the extent supported by the "Historic Structures Report" prepared by Grunley-Walsh pursuant to Task Order 25, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Admits the allegation contained in the first sentence of paragraph 14 that the condition of the tunnel was unknown to the National Parks Service at the time that Task Order 35 was issued; denies the remaining allegations contained in paragraph 14 for lack of knowledge or

information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 14.

15. Denies the allegations contained in the first sentence of paragraph 15. Admits the allegations contained in the second sentence of paragraph 15 that the specific varieties of information about the tunnel were not provided to the extent supported by Task Order 35 and the drawings cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the second sentence of paragraph 15.

16. Admits the allegations contained in the first sentence of paragraph 16 that July 4, 2004 was a national holiday, and that the contract prohibited weekend and holiday work without the permission of the National Park Service; otherwise, denies the allegations contained in the first sentence of paragraph 16. Admits the allegations contained in the second sentence of paragraph 16. Denies the allegations contained in the third sentence of paragraph 16.

17. Admits the allegations contained in paragraph 17 that it rained during the July 14, 2004 holiday weekend and that several feet of water and silt intrusion were discovered in the basement level of the Survey Lodge; otherwise, denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the July 6, 2004 e-mail cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 18.

19. Admits the allegations contained in the first sentence of paragraph 19 to the extent supported by Directives Nos. 1 and 2, which are the best evidence of their contents; otherwise, denies the allegations contained in the first sentence of paragraph 19. Avers that Grunley-Walsh was responsible for maintaining the project site. Denies the allegations contained in the second

sentence of paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Admits the allegations contained in paragraph 20 to the extent supported by Directive No. 1, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by Directive No. 1, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 21.

22. Denies the allegations contained in the first sentence of paragraph 22. Admits the allegations contained in the second and third sentences of paragraph 22.

23. Denies the allegations contained in the first sentence of paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 23 regarding Grunley-Walsh's "knowledge" for lack of knowledge or information sufficient to form a belief as to their truth; denies the allegations contained in the second sentence of paragraph 23 that no one witnessed the opening of the tunnel door for lack of knowledge or information sufficient to form a belief as to their truth; denies the allegations contained in the second sentence of paragraph 23 that no one witnessed where or how the water and silt intruded into the basement of the Survey Lodge. Denies the allegations contained in the third sentence of paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Denies the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Denies the allegations contained in the first sentence of paragraph 25 as to what Grunley-Walsh "learned" for lack of knowledge or information sufficient to form a belief as to their truth. Admits the remaining allegations contained within the second sentence of paragraph 25 to the extent supported by the Historic Structures Report prepared by Grunley-Walsh pursuant to Task Order 25; otherwise, denies the remaining allegations contained within paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Denies the allegations contained in the first sentence of paragraph 26 as to what an investigation by Grunley-Walsh "revealed" for lack of knowledge or information sufficient to form a belief as to their truth. Admits the remaining allegations contained in the first and second sentences of paragraph 26 to the extent supported by the "Historic Structures Report" prepared by Grunley-Walsh pursuant to Task Order 25; otherwise, denies the remaining allegations contained within the first and second sentences of paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 26.

27. Denies that the work constituted "change work;" admits the remaining allegations contained within paragraph 27.

28. The allegations contained in paragraph 28 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Admits the allegations contained in paragraph 29 to the extent supported by the October 5, 2005 request for equitable adjustment cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by the Certified Claim cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 31.

32. The allegations contained in paragraph 32 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33. Defendant's responses to paragraphs 1 through 32 of the complaint are incorporated by reference.

34. The allegations contained in paragraph 34 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 35, or to any relief whatsoever.

37. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

38. Plaintiff's claims are totally or partially barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contract.

39. Plaintiff's claims are totally or partially barred by accord and satisfaction.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Tara Kilfoyle
TARA KILFOYLE
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-1709
Fax: (202) 307-0972

OF COUNSEL:
Alton Woods
Assistant Solicitor
Emily Parkhurst
Attorney Advisor
Department of the Interior
General Law Division
1849 C Street NW
Room 7322
Washington, DC 20240

February 5, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 5[h] day of February 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Tara Kilfoyle