**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Nos. 06-721C; 06-723C; 06-815C; 06-816C; 06-837C; 07-85C (Consolidated)**

**GRUNLEY-WALSH, LLC**
**(f/k/a Grunley-Walsh Construction JV)** *

**Plaintiff,** *

**v.** * **Case No. : 1:06-cv-00721-CFL**
**Judge: Charles F. Lettow**

**THE UNITED STATES OF AMERICA** *

**Defendant.** *

* * * * * * * * * * * * *

**OPPOSITION TO DEFENDANT'S MOTIONS TO STAY PROCEEDINGS**

Plaintiff, Grunley-Walsh, LLC, formerly known as Grunley-Walsh Construction JV, ("Grunley-Walsh"), by undersigned counsel, files this Opposition to Defendant's Motions to Stay Proceedings, and in support thereof states as follows:

**THE CONTRACT**

On May 6, 1998, the United States, acting by and through the Department of the Interior – National Park Service, awarded Grunley-Walsh an Indefinite Quantity Contract (Contract No. 1443CX305998901) (the "Contract") to stabilize and preserve the Washington Monument (the "Project"). Pursuant to Contract Modification No. 0007 ("Contract MOD 7"), dated November 15, 2001, the General Provisions to the Contract were deleted and replaced with revised contract clauses which included certain FAR provisions incorporated by reference. Three of these provisions were the Changes clause (FAR 52.243-04 August 1987), the Differing Site Conditions clause (FAR 52.236-02 April 1986), and the Disputes clause (FAR 52.233-01 December 1998).

In accordance with the Contract, on December 5, 2003, Grunley-Walsh was issued Task Order No. T3059989135 ("Task Order No. 35") in the lump sum amount of $13,993,216.

Pursuant to Task Order No. 35, Grunley-Walsh was to construct and install an above ground security barrier system at the Washington Monument. More specifically, Grunley-Walsh was to accomplish the work contained in the Project Requirements (Task Order No. 35, Attachment 1) and specifications and drawings prepared under previous Task Order by the Olin Partnership.

**THE CLAIMS AND CONTRACTING OFFICER'S ACTIONS ON THE CLAIMS**

The United States ordered Grunley-Walsh to perform certain change work relating to work under Task Order No. 35.[1] Such change work concerns various issues dealing with various aspects of the work. Grunley-Walsh and its subcontractors performed the change work ordered by the United States, but the United States has failed to compensate Grunley-Walsh for some of the change work performed. As a result, disputes arose between Grunley-Walsh and the United States relating to the unpaid change work.

In response to these disputes, Grunley-Walsh submitted fourteen certified claims between July 14, 2006 and February 16, 2007 to the Contracting Officer, John M. Fox, pursuant to the Disputes Clause in the Contract and the Contracts Dispute Act of 1978, as amended, 41 U.S.C. § 601 *et seq*. The claims range in amount between $12,379 to $742,452 and together total $2,101,373. Under the Contracts Dispute Act, Mr. Fox must provide a contracting officer's final decision within 60 days for each of the claims under $100,000 and either issue a contracting officer's final decision within 60 days or provide a date certain upon which he will provide a contracting officer's final decision for the claims that exceed $100,000. Information regarding the fourteen claims is set forth in the following table:

[1] One of the pending claims is for additional services provided pursuant to Task Order No. 28.

| APPEALED CLAIMS | | | | | |
|---|---|---|---|---|---|
| | Submission | Contracting Officer | Appeal | Answer | |
| **Description** | **Date** | **Response** | **Date** | **Date/Due** | **Case No.** |
| Survey Lodge Flood Damage | 7/14/2006 | No Decision provided | 10/21/2006 | 2/5/2007 | 06-721C |
| Irrigation Change Work | 8/15/2006 | No Decision provided | 10/22/2006 | 2/5/2007 | 06-723C |
| Monument Lodge PEPCO Line Relocation | 9/28/2006 | No Decision provided | 12/1/2006 | 1/30/2007 | 06-815C |
| Monument Lodge Site Improvements | 9/28/2006 | No Decision provided | 12/1/2006 | 1/30/2007 | 06-816C |
| Undercut Unsuitable Soils & Backfill | 10/6/2006 | No Decision provided | 12/11/2006 | 2/9/2007 | 06-837C |
| Site Utility Adjustments | 10/18/2006 | Claim Denied | 2/5/2007 | 4/6/2007 | 07-085C |
| Constitution Avenue Tie-In* | 1/12/2007 | Claim Denied | 3/21/2007 | 5/20/2007 | |
| Storm Drainage Revisions* | 1/15/2007 | Claim Denied | 3/21/2007 | 5/20/2007 | |
| | | | | | |
| SUBMITTED CLAIMS | | | | | |
| | | Contracting Officer | | | |
| **Description** | Submission | Response | | | |
| | **Date** | **Due** | | | |
| Additional A/E Services | 12/28/2006 | 5/1/2007 pursuant to letter of contracting officer | | | |
| Unpaid Differing Site Conditions* | 1/19/2007 | 3/23/2007 | | | |
| Not In Contract Change Work* | 1/25/2007 | 3/27/2007 | | | |
| Topsoil Change Work | 1/30/2007 | 3/31/2007 or on date certain thereafter | | | |
| Mod 10 Unilateral Deductions | 2/16/2007 | 4/23/2007 or on date certain thereafter | | | |
| | | | | | |
| ACCEPTED CLAIM | | | | | |
| | | Contracting Officer | | | |
| **Description** | Submission | Response | | | |
| | **Date** | **Received** | | | |
| Lodge Window Mock-up* | 1/12/2007 | 3/16/2007 | | | |
| | | | | | |
| *claim is under $100,000 | | | | | |

As shown on the chart, for five of the claims, the Contracting Officer failed to issue final decisions within the time period required by the Contract Disputes Act and/or failed to provide a date certain upon which such a decision would be provided. For these claims, the claims were deemed denied. The Contracting Officer denied three of the claims and accepted one. Of the five claims for which a Contracting Officer's decision is not yet due, three of them will be due

on or before May 1, 2007. That leaves only two claims for which a Contracting Officer's decision may be due after May 1, 2007 if the Contracting Officer elects to provide a date certain to provide a decision, rather than just provide a decision within 60 days. Plaintiff has no objection to a temporary stay of the pending case until May 1, 2007. However, Plaintiff does object to a stay beyond that point.

## ARGUMENT

Defendant requests the Court to stay proceedings in this consolidated case until the Contracting Officer has issued a final decision upon all of Grunley-Walsh's remaining claims on the Contract. Grunley-Walsh does not oppose a limited stay of the proceedings through May 1, 2007. Grunley-Walsh does, however, oppose an open ended stay that allows the Contracting Officer to delay these proceedings until he decides to respond to the last two claims. Thus far, the Contracting Officer has either not issued final decisions on the claims or has taken the entire 60 days to provide a decision or to give a date certain upon which a decision will be given. In those situations where a date certain was provided, the Contracting Officer either failed to provide a decision by the date given, or, after the date was given, subsequently indicated an open ended response date for all the claims and thereby rejected the original date given for the response. These actions have indicated a desire on the part of the Contracting Officer to delay response to these claims for as long as possible.

Defendant suggests Grunley-Walsh's decision to submit the claims separately has somehow made it impossible for the Contracting Officer to respond. Grunley-Walsh's decision to submit the claims separately was not done to make it difficult for the Contracting Officer to take action. Rather, they were submitted when prepared for submission. There is nothing in the Contract Disputes Act that requires claims on any given contract to be submitted together.

Furthermore, while the Contract and Task Order on each claim is the same, the claims themselves differ significantly. They each relate to different changes to the Contract. As such, there was no reason to include them in one claim. Each claim is distinct and relates to different aspects of the work. Furthermore, they were submitted over a seven month period, thereby providing more time overall for the Contracting Officer to consider the merits of each one and to respond. Responding to fourteen claims at once would seem to be more difficult than to respond to them separately.

In any case, quibbling over how the claims were submitted, and whether the Contracting Officer had difficulty responding to them because of how they were submitted, has no bearing on whether a stay is appropriate. This case involves many distinct claims involving different documents associated with each claim. The Defendants argue the contrary, i.e., that the same documents will be involved in all claims. That is simply not true because the claims are based on completely different aspects of the work, different facts and different documents. See the Complaints for each claim attached to the Motion to Stay. As such, it makes sense to begin discovery because delaying discovery now will only serve to make it more difficult to complete discovery overall and delay its completion well into 2008.

If the open ended stay Defendant seeks is granted, many months will pass with no discovery proceeding. Defendant states it contemplates one Joint Preliminary Status Report ("JPSR") for all the cases if the stay is granted. Presumably then, Defendants will want to wait 60 days after the last appeal is filed to file an answer, then 49 days thereafter to file a consolidated JPSR for all cases, and then 14 days thereafter to exchange initial disclosures. If that were to happen, then the consolidated JPSR would not be due until mid October 2007 (assuming the Contracting Officer does not issue a final decision on the Mod 10 Unilateral

Deductions claim until June 23, 2007 -- which is 60 days after the Contracting Officer must provide a date certain for the decision; then 60 days later for the Answer (August 23, 2007), 49 days after that for the consolidated JPSR (mid-October), and 14 days after that for the initial disclosures (early November). That would result in the first initial disclosures being exchanged the beginning of November and written discovery and depositions left to complete thereafter. That would waste nearly eight months when significant amounts of discovery could have been accomplished.

The wasting of eight months in this case is contrary to the interest behind Rule 1 of the Rules of the Court of Federal Claims which Defendant cites as, "the rules of this Court shall be construed and administered to secure 'the just, speedy, and inexpensive determination of every action.'" See Motion to Stay at p. 6. It is also contrary to the other principles behind the issuance of a stay as cited by Defendant, i.e., a Court has the power to issue a stay of proceedings "to control the disposition of cases on its docket with **economy of time** and effort for itself, for counsel, and for litigants, and is within the discretion of the Court." See Motion to Stay at p. 6 (emphasis added). The Court should use its discretion and deny the open ended stay the Defendant seeks and, instead, grant a limited stay until May 1, 2007. A limited stay would not threaten the interest of economy of time that an open ended stay would.

Defendants claim that if a stay is not granted until the Contracting Officer rules on the last claim, then much of the discovery completed will have to be revised or redone. It is inconceivable that result would occur. Rather, the discovery will proceed on each case and will be added to as the other cases are joined. There is no reason that discovery will have to be revised or redone.

Furthermore, Defendant's claim that the Court will have to administer multiple discovery plans for this case. The parties, however, are capable of considering all the claims filed and the timetable for which discovery is to proceed for each under the Rules and to produce a single discovery plan for all discovery. As Defendant admits, by May 1, 2007, the Contracting Officer will have responded to all but two of the claims submitted. With regard to the other two claims, the Contracting Officer will have either provided a final decision or provided a date certain upon which a final decision will be given prior to May 1, 2007. Thus, a limited stay to May 1, 2007 is not objectionable. Thereafter, it is most time efficient to proceed with the discovery process set forth in the rules, i.e., complete the JPSRs by May 15, 2007 (if they are not already submitted prior to the Court's ruling on the Motion) and exchange initial disclosures 14 days thereafter on May 29, 2007 for the cases that currently make up this consolidated case. In addition, as the other JPSRs and initial disclosures become due in the other cases, they should proceed according to the schedule provided in the rules for each case or in two waves thereafter (for instance, have one due date for the next four JPSRs and another due date for the next three JPSRs; the initial disclosures can proceed thereafter according to that schedule).

## CONCLUSION

Based on the foregoing, Grunley-Walsh asks this Court to deny the Defendant's Motion to Stay; to stay this action until May 1, 2007; to Order the Joint Preliminary Status Reports for Case Nos. 06-721C, 06-723C, 06-815C, 06-816C, 06-837C, and 07-85C be due on May 15, 2007 (to the extend not already submitted) and the initial disclosures in these cases be exchanged on May 29, 2007; that all future appeals filed under this Contract and Task Order be consolidated with this case.

Respectfully submitted,

s/ Roger C. Jones
Roger C. Jones

**HUDDLES, JONES**
**SORTEBERG & DACHILLE, P.C.**
10211 Wincopin Circle, Suite 200
Columbia, Maryland 21044
(301) 621-4120
(301) 621-4473 (fax)
jones@hjpc.com

Counsel for Plaintiff,
Grunley-Walsh, LLC

DATED: March 21, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of March, 2007, a copy of the foregoing Opposition to Defendant's Motions to Stay Proceedings was filed electronically and was mailed, postage prepaid, to:

Tara Kilfoyle, Trial Attorney
Commercial Litigation Branch
Civil Division, 110 L Street, N.W.
ATTN: Classification Unit, 8th Floor
Washington, D.C. 20530

s/ Roger C. Jones