IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY-WALSH, LLC<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 06-721C, 06-723C, 06-815C, 06-816C, 06-837C, 07-085C (consolidated)<br><br>(Judge Lettow) |

DEFENDANT'S ANSWER FED. CL. NO. 07-085C

For its answer to the complaint of plaintiff, Grunley-Walsh, LLC ("Grunley-Walsh"), defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Denies the allegation contained in the first sentence of paragraph 4 that on May 6, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Avers that on May 13, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Admits the remaining allegations contained in the first sentence of paragraph 4 to the extent supported by Contract No. 1443CX305998901, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the first sentence of paragraph 4. Admits the allegations contained in the

third sentence of paragraph 4.

5. Denies the allegation contained in the first sentence of paragraph 5 that Contract Modification No. 7 was dated November 15, 2001. Avers that Contract Modification No. 7 was dated November 21, 2001, and was effective November 15, 2001. Admits the remaining allegations contained in paragraph 5 to the extent supported by Modification No. 7, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by Task Order 35, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the November 25, 2003 drawings, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 7. Avers that the Olin Partnership is a subcontractor of Grunley-Walsh.

8. The allegations contained in paragraph 8 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. Admits the allegations contained in paragraph 9 to the extent supported by the December 16, 2006 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 9.

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the January 31, 2007 letter cited, which is the best evidence of its contents;

otherwise, denies the allegations contained in the first sentence of paragraph 10. Denies the allegations contained in the second sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. The allegations contained in paragraph 11 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Denies. Avers that with Task Order 28, "Schematic Design, Design Development, and Supplemental Services for the Washington Monument Vehicle Barrier System and Underground Visitor Screening Facility," the National Park Service transmitted drawings to Grunley-Walsh.

13. Admits the allegations contained in the first two sentences of paragraph 13 to the extent supported by the “background drawings” cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first two sentences of paragraph 13. Admits the allegation contained in the third sentence of paragraph 13 that Grunley-Walsh adjusted, relocated, or worked around some existing site utilities in the course of its performance of Task Order 35; denies the remaining allegations contained in the third sentence of paragraph 13.

14. Denies the allegations contained in the first sentence of paragraph 14. Admits the allegations contained in the second sentence of paragraph 14 to the extent supported by the modifications cited; which are the best evidence of their contents, otherwise denies the allegations contained in the second sentence of paragraph 14. Avers that defendant is unfamiliar with the term “RCO.”

15. Denies the allegations contained in the first sentence of paragraph 15 as to what Grunley-Walsh "believed," for lack of knowledge or information sufficient to form a belief as to their truth; denies that any belief that Grunley-Walsh may have had that it would be provided with equitable adjustments for the adjustment of site utilities was reasonable. Admits the allegation contained in the second sentence of paragraph 15 that the National Park Service has not provided Grunley-Walsh with equitable adjustments for the site utility adjustments identified, otherwise, denies the allegations contained in the second sentence of paragraph 15. Avers that defendant is unfamiliar with the term "RCO."

16. Admits the allegation contained in the first sentence of paragraph 16 that an existing 6" water line at the Sylvan Theater conflicted with Grunley-Walsh's proposed project grading and a storm drain line to the extent supported by the March 19, 2004 site utility plan created by Grunley-Walsh, which is the best evidence of its contents; otherwise, denies the allegation contained in the first sentence of paragraph 16 that an existing 6" water line at the Sylvan Theater conflicted with the project grading and a storm drain line. Denies the remaining allegations contained in the first sentence of paragraph 16. Denies the allegations contained in the second sentence of paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth. Denies that the illustration below paragraph 16 is an excerpt from any drawing issued or created by the National Park Service.

17. Denies the allegation contained in the first sentence of paragraph 17 that there was a "new" proposed grade; admits the remaining allegations contained in the first sentence of paragraph 17 to the extent supported by Cherry Hill's "RCO 951.60," which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the first sentence of

paragraph 17. Admits the allegations contained in the second sentence of paragraph 17 to the extent supported by Cherry Hill's "RCO 951.60," which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 17. Avers that defendant is unfamiliar with the term "RCO." Denies that the illustration below paragraph 17 is an excerpt from any drawing issued or created by the National Park Service.

18. Admits the allegations contained in the first two sentences of paragraph 18 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first two sentences of paragraph 18. Avers that defendant is unfamiliar with the term "RCO." Denies the allegations contained in the third sentence of paragraph 18.

19. Denies the allegations contained in the first sentence of paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 19. Denies the allegations contained in the third sentence of paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the fourth sentence of paragraph 19.

20. Admits the allegation contained in paragraph 20 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 20.

21. The allegations contained in paragraph 21 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. Defendant's responses to paragraphs 1 through 21 of the complaint are incorporated by reference.

23. The allegations contained in paragraph 23 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 26, or to any relief whatsoever.

28. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

29. Plaintiff's claims are barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contract.

30. Plaintiff’s claims are totally or partially barred by accord and satisfaction.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Tara Kilfoyle
TARA KILFOYLE
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-1709
Fax: (202) 307-0972

OF COUNSEL:
Alton Woods
Assistant Solicitor
Emily Parkhurst
Attorney Advisor
Department of the Interior
General Law Division
1849 C Street NW
Room 7322
Washington, DC 20240

April 3, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April 2007, a copy of the foregoing "DEFENDANT'S ANSWER FED. CL. NO. 07-085C" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Tara Kilfoyle