IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY-WALSH, LLC | ) | |
| | ) | |
| | ) | No. 06-721C, 06-723C, 06-815C, |
| Plaintiff, | ) | 06-816C, 06-837C, 07-085C, |
| | ) | 07-189C, 07-190C, 07-197C |
| v. | ) | 07-200C, 07-281C |
| | ) | (consolidated) |
| | ) | |
| THE UNITED STATES, | ) | (Judge Lettow) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER FED. CL. NO. 07-281C

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Admits the allegations contained in the first sentence of paragraph 2 to the extent supported by the Court's Order of March 14, 2007, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 2. Admits the allegation contained in the second sentence of paragraph 2 that Case Nos. 1:07-cv-00199-CFL, 1:07-cv-00190CFL, 1:07-cv-00197-CFL, and 1:07-cv-00200CFL were filed after the Court's March 14, 2007 Order; denies the remaining allegations contained in the second sentence of paragraph 2.

3. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits.

5. The allegations contained in paragraph 5 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied.

6. Admits the allegations contained in paragraph 6 to the extent supported by the March 2, 2007 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the May 1, 2007 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 7.

8. The allegations contained in paragraph 8 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. The allegations contained in paragraph 9 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Denies the allegation contained in the first sentence of paragraph 10 that on May 6, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Avers that on May 13, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Admits the remaining allegations contained in the first sentence of paragraph 10 to the extent supported by Contract No. 1443CX305998901, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the first sentence of paragraph 4. The second sentence of paragraph 10 contains plaintiff’s characterization of its complaint, to which no response is required. Admits the allegations contained in the third sentence of paragraph 10.

11. Denies the allegation contained in the first sentence of paragraph 11 that Contract Modification No. 7 was dated November 15, 2001. Avers that Contract Modification No. 7 was dated November 21, 2001, and was effective November 15, 2001. Admits the remaining allegations contained in paragraph 11 to the extent supported by Modification No. 7, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the Task Orders cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 12.

13. Denies the allegation contained in the first sentence of paragraph 13 that "the following payments have been received." Avers that defendant made payment in the amount of $284,032.08 for Task Order 32, and total payment of $4,461,931.22 for the task orders listed. Denies the allegations contained in paragraph 13 that the "following unpaid balances remain" for lack of knowledge or information sufficient to determine their truth, because it is unclear what plaintiff means by "unpaid balances." Avers that $51,949.92 remains in Task Order 32, and a total of $413,903.69 remains in the task orders listed.

14. The allegations contained in paragraph 14 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Admits the allegation contained in the first sentence of paragraph 15 that the Historic Structures Report required by Task Order 35 has been completed and submitted; denies the remaining allegations contained in the first sentence of paragraph 15. Denies the allegations

contained in the second sentence of paragraph 15. The allegations contained in the third sentence of paragraph 15 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. Admits the allegations contained in the first sentence of paragraph 16 to the extent supported by Task Order 28, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 16. Admits the allegations contained in the second sentence of paragraph 16 to the extent supported by Task Order 30, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 16. Admits the allegations contained in the third sentence of paragraph 16 to the extent supported by the October 9, 2003 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the third sentence of paragraph 16. Denies the allegations contained in the fourth sentence of paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the fifth sentence of paragraph 16.

17. Admits the allegation contained in the first sentence of paragraph 17 that the October 9, 2003 letter only referenced the Task Order 28 work to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 17 that the October 9, 2003 letter only referenced the Task Order 28 work. Denies the allegation contained in the first sentence of paragraph 17 that it was "understood" that since the Visitor Screening Facility was not going to be built the Task Order 30 Exhibit design work was also to be stopped for lack of knowledge or information sufficient to form a belief as to its truth, because it is unclear who plaintiff is alleging "understood" this

information. Denies the allegations contained in the second sentence of paragraph 17 that there is an unpaid balance of $299,831.88 in Task Order 30 for lack of knowledge or information sufficient to determine their truth, because it is unclear what plaintiff means by "unpaid balance." Avers that $299,831.88 remains in Task Order 30. The remaining allegations contained in the second sentence of paragraph 17 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in the first and second sentences of paragraph 18 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 18.

19. Admits the allegations contained in the first sentence of paragraph 19 to the extent supported by Task Order 31, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 19. The allegations contained in the second sentence of paragraph 19 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegation contained in the third sentence of paragraph 19 that there remains an "outstanding Task Order balance" of $3,521.76 for lack of knowledge or information sufficient to form a belief as to their truth, because it is unclear what plaintiff means by "outstanding Task Order balance." Avers that $3521.76 remains in Task Order 31. The remaining allegations contained in the third sentence of paragraph 19 and the allegations contained in the fourth sentence of paragraph 19 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20. Admits the allegations contained in the first sentence of paragraph 20. Admits the allegations contained in the second sentence of paragraph 20 to the extent supported by Task Order 32, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 20. Admits the allegations contained in the third and fourth sentences of paragraph 20 to the extent supported by Modification 1 to Task Order 32, which is the best evidence of its contents; otherwise, denies the allegations contained in the third and fourth sentences of paragraph 20. Denies the allegations contained in the fifth sentence of paragraph 20. Denies the allegations contained in the sixth sentence of paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth, because it is unclear what plaintiff means by “unpaid balance.” Avers that the National Park Service has rejected billings from Grunley-Walsh in the amount of $51,949.82, and that $51,949.82 remains in Task Order 32. The allegations contained in the seventh sentence of paragraph 20 constitute plaintiff’s characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. Denies the allegations contained in the first sentence of paragraph 21. Admits the allegations contained in the second sentence of paragraph 21. Admits the allegations contained in the third and fourth sentences of paragraph 21 to the extent supported by Task Order 33, which is the best evidence of its contents; otherwise, denies the allegations contained in the third and fourth sentences of paragraph 21. Admits the allegations contained in the fifth sentence of paragraph 21

22. Admits the allegations contained in the first sentence of paragraph 22 to the extent supported by Task Order 33, which is the best evidence of its contents; otherwise, denies the

allegations contained in the first sentence of paragraph 22. Denies the allegations contained in the second sentence of paragraph 22. Denies the allegation contained in the third sentence of paragraph 22 that the drawings were submitted, admits the remaining allegations contained in the third sentence of paragraph 22. Denies the allegations contained in the fourth sentence of paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth, because it is unclear what plaintiff means by "unpaid balance." Avers that the National Park Service has rejected billings from Grunley-Walsh in the amount of $6,389.00. The allegations contained in the fifth sentence of paragraph 22 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. Admits the allegations contained in the first sentence of paragraph 23 to the extent supported by Task Orders 19 through 33, which are the best evidence of their contents; otherwise, denies the allegations contained in the first sentence of paragraph 22. The allegations contained in the second sentence of paragraph 23 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. Denies the allegations contained in the first sentence of paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth because it is unclear who plaintiff alleges believed that these services were "not a concern." Admits the allegation contained in the second sentence of paragraph 24 that when the design of the Visitor Screening Facility was stopped, there remained unexpended funds in several Task Orders, including Task Orders 28 and 30, denies the remaining allegations contained in the second sentence of paragraph

24 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the invoices cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 25.

26. The allegations contained in the first sentence of paragraph 26 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 26 to the extent supported by the invoices cited, which are the best evidence of their contents, otherwise, denies the allegations contained in the second sentence of paragraph 26. Denies the allegations contained in the third sentence of paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth, because it is unclear which invoices plaintiff is referring to. Avers that the National Park Service has rejected some invoices and denied some payments requested by Grunley-Walsh.

27. Admits the allegations contained in the first sentence of paragraph 27 to the extent supported by the February 28, 2006 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 27. Denies the allegations contained in the second sentence of paragraph 27.

28. Denies the allegations contained in the first sentence of paragraph 28 for lack of knowledge or information to form a belief as to their truth, because it is unclear which "change proposals for certain specific A/E services" plaintiff is referring to. Admits the allegations contained in the second sentence of paragraph 28 to the extent supported by the August 12, 2005

letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 28. Admits the allegations contained in the third sentence of paragraph 28 to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the third sentence of paragraph 28. Admits the allegations contained in the fourth sentence of paragraph 28. Denies the allegation contained in the fifth sentence of paragraph 28 that the work required redesign of "wiring layouts" for lack of information sufficient to form a belief as to their truth, because it is unclear what plaintiff is referring to. Admits the remaining allegations contained in the fifth sentence of paragraph 28.

29. Admits the allegations contained in the first sentence of paragraph 29 to the extent supported by the August 31, 2005 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 29. Admits the allegations contained in the second sentence of paragraph 29 to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 29. Denies the allegations contained in the third sentence of paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by the September 6, 2005 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 30.

31. Admits the allegations contained in the first sentence of paragraph 31 to the extent supported by the September 8, 2005 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 31. Admits the

allegations contained in the second sentence of paragraph 31 to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 31.

32. The allegations contained in paragraph 32 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33. Denies the allegations contained in the first sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 33. Denies the allegations contained in the third sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth because it is unclear which invoices plaintiff is referring to. The allegations contained in the fourth sentence of paragraph 33 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. Denies the allegations contained in the first sentence of paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 34. Denies the allegations contained in the third sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth because it is unclear which invoices plaintiff is referring to.

35. Denies the allegations contained in the first sentence of paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth because it is unclear which "invoices relating to the irrigation design" plaintiff is referring to. Admits the allegations contained in the second sentence of paragraph 35 to the extent supported by the documents cited,

which are the best evidence of their contents, otherwise, denies the allegations contained in the second sentence of paragraph 35. The allegations contained in the third sentence of paragraph 35 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36. Denies the allegations contained in the first sentence of paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth, because it is unclear what "additional services" plaintiff is referring to. Admits the allegations contained in the third sentence of paragraph 36 to the extent supported by the documents cited, which are the best evidence of their contents, otherwise, denies the allegations contained in the third sentence of paragraph 36. The allegations contained in the fourth sentence of paragraph 36 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37. Denies the allegations contained in the first sentence of paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 37. Denies the allegations contained in the third sentence of paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth because it is unclear which invoices plaintiff is referring to. The allegations contained in the fourth sentence of paragraph 37 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38. Denies the allegations contained in the first sentence of paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations

contained in the second sentence of paragraph 38. Denies the allegations contained in the third sentence of paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth because it is unclear which invoices plaintiff is referring to. The allegations contained in the fourth sentence of paragraph 38 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. Denies the allegations contained in the first sentence of paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 39. Denies the allegations contained in the second sentence of paragraph 39. Denies the allegations contained in the third sentence of paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth because it is unclear which invoices plaintiff is referring to. The allegations contained in the fourth sentence of paragraph 39 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. Denies the allegations contained in the first sentence of paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 40 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the third sentence of paragraph 40. Avers that the National Park Service has paid for the work cited pursuant to Task Order 37. The allegations contained in the fourth sentence of paragraph 40 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. Denies the allegations contained in the first sentence of paragraph 41 for lack of

knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 41 to the extent supported by Task Order 28, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 41. Denies the allegations contained in the third sentence of paragraph 41 that the Park Service agreed to pay for the costs. Admits the remaining allegations contained in the third sentence of paragraph 41 to the extent supported by the April 20, 2005 letter cited, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the third sentence of paragraph 41. Denies the allegations contained in the fourth sentence of paragraph 41 for lack of knowledge or information sufficient to determine their truth, because it is not clear which "initial invoices" plaintiff is citing. Admits the allegations contained in the fifth sentence of paragraph 41 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the fifth sentence of paragraph 41. Admits the allegations contained in the sixth sentence of paragraph 41.

42. Denies the allegations contained in the first sentence of paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth, because it is unclear which "additional services" plaintiff is referring to. The allegations contained in the second sentence of paragraph 42 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

44. Defendant's responses to paragraphs 1 through 43 of the complaint are incorporated by reference.

45. The allegations contained in paragraph 45 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

46. The allegations contained in paragraph 46 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48. The allegations contained in paragraph 47 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

49. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 48, or to any relief whatsoever.

50. Denies each and every allegation not previously admitted or otherwise qualified

## AFFIRMATIVE DEFENSES

51. Plaintiff's claims are totally or partially barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contract.

52. Plaintiff’s claims are totally or partially barred by accord and satisfaction.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

OF COUNSEL:
Alton Woods
Assistant Solicitor
Emily Parkhurst
Attorney Advisor
Department of the Interior
General Law Division
1849 C Street NW
Room 7322
Washington, DC 20240

s/ Tara Kilfoyle
TARA KILFOYLE
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-1709
Fax: (202) 307-0972

July 2, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July 2007, a copy of the foregoing "DEFENDANT'S ANSWER FED. CL. NO. 07-281C" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Tara Kilfoyle