IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY-WALSH, LLC | ) | |
| | ) | |
| | ) | No. 06-721C, 06-723C, 06-815C, |
| Plaintiff, | ) | 06-816C, 06-837C, 07-085C, |
| | ) | 07-189C, 07-190C, 07-197C |
| v. | ) | 07-200C, 07-281C |
| | ) | (consolidated) |
| | ) | |
| THE UNITED STATES, | ) | (Judge Lettow) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER FED. CL. NO. 07-391C

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Admits the allegations contained in paragraph 2 to the extent supported by the Court's Orders of March 14, 2007 and May 31, 2007, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 2.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits.

5. The allegations contained in the first sentence of paragraph 5 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The second sentence of paragraph 5 contains plaintiff's characterization of its complaint, to which no response is required.

6. Admits the allegations contained in paragraph 9 to the extent supported by the

April 20, 2007 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the June 14, 2007 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 9.

8. The allegations contained in paragraph 8 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. The allegations contained in paragraph 9 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Denies the allegation contained in the first sentence of paragraph 10 that on May 6, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Avers that on May 13, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Admits the remaining allegations contained in the first sentence of paragraph 10 to the extent supported by Contract No. 1443CX305998901, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the first sentence of paragraph 10. The second sentence of paragraph 10 contains plaintiff's characterization of its complaint, to which no response is required. Admits the allegations contained in the third sentence of paragraph 10.

11. Denies the allegation contained in the first sentence of paragraph 11 that Contract Modification No. 7 was dated November 15, 2001. Avers that Contract Modification No. 7 was

dated November 21, 2001, and was effective November 15, 2001. The second sentence of paragraph 11 contains plaintiff's characterization of its complaint, to which no response is required. Admits the allegations contained in the third sentence of paragraph 11 to the extent supported by Modification No. 7, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the third sentence of paragraph 11.

12. Admits the allegation contained in paragraph 12 that on February 9, 2007, the Park Service unilaterally issued Modification No. 10, which deducted $210,000 from Task Order 35, to the extent supported by the modification cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 12 that on February 9, 2007, the Park Service unilaterally issued Modification No. 10, which deducted $210,000 from Task Order 35. The remaining allegations contained in paragraph 12 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. Admits the allegations contained in paragraph 14 to the extent supported by Modification No. 10, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 14.

15. Admits the allegations contained in the first sentence of paragraph 15. Admits the allegation contained in the second sentence of paragraph 15 that Grunley-Walsh's cost proposal to perform this change work totaled $43,509 to the extent supported by the cost proposal cited,

which is the best evidence of its contents; otherwise, denies the allegation contained in the second sentence of paragraph 15 that Grunley-Walsh's cost proposal to perform this change work totaled $43,509. Denies the remaining allegations contained in the second sentence of paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the third sentence of paragraph 15 that Task Order 35, Modification No. 8, Item A.14. provided compensation to perform this change work. Denies the remaining allegations contained in the third sentence of paragraph 15. Admits the allegations contained in the first sentence of the footnote following the third sentence of paragraph 15. Admits the allegations contained in the second sentence of the footnote following the third sentence of paragraph 15 to the extent supported by the "computation notes" cited, which are the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of the footnote following the third sentence of paragraph 15.

16. Denies the allegations contained in the first and second sentences of paragraph 16. Admits the allegations contained in the third sentence of paragraph 16 that the Park Service required Grunley-Walsh to provide several sample "mock-ups" which the Park Service reviewed and approved with respect to concrete color and aggregate. Denies the remaining allegations contained in the third sentence of paragraph 16.

17. Admits the allegations contained in the first sentence of paragraph 17. Admits the allegation contained in the second sentence of paragraph 17 that the concrete was placed on a compacted gravel sub-base and that wire mesh was placed in the concrete. Denies the remaining allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 17

for lack of knowledge or information sufficient to form a belief as to their truth because it is unclear which "on site representatives" plaintiff is referring to.

18. Admits the allegation contained in the first sentence of paragraph 18 that cracks began to develop in the sidewalk. Denies the remaining allegations contained in the first sentence of paragraph 18. Denies the allegations contained in the second sentence of paragraph 18. Denies the allegations contained in the third sentence of paragraph 18.

19. Denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Denies the allegations contained in the first sentence of paragraph 20. Avers that the Park Service demanded that the cracked sidewalks be either replaced or repaired. Admits the allegations contained in the second sentence of paragraph 20 that the Park Service did not request a new design or provide Grunley-Walsh with a new design. Denies the remaining allegations contained in the second sentence of paragraph 20. Admits the allegation contained in the third sentence of paragraph 20 that the Park Service wanted Grunley-Walsh to tear out the cracked sidewalks and replace them. Avers that the Park Service would have permitted Grunley-Walsh to repair some of the sidewalks. The remaining allegations contained in the third sentence of paragraph 20 constitute plaintiff's characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

21. Admits the allegations contained in the first sentence of paragraph 21 to the extent supported by the August 24, 2006 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 21. The allegations contained in the second sentence of paragraph 21 constitute plaintiff's characterization of the

Park Service's November 7, 2006 letter, to which no response is required. To the extent that the allegations containing in the second sentence of paragraph 21 may be deemed allegations of fact, they are admitted to the extent supported by the Park Service's November 7, 2006 letter, which is the best evidence of its contents; otherwise, they are denied.

22. Denies the allegations contained in the first sentence of paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth, because it is unclear who plaintiff alleges did not provide or require a design for the 15th Street sidewalks. Admits the allegations contained in the second sentence of paragraph 22 that the Park Service did not provide Grunley-Walsh with documentation/analysis to establish that the cracks were the result of faulty construction. Denies the remaining allegations contained in the second sentence of paragraph 22. Admits the allegations contained in the third and fourth sentences of paragraph 22 to the extent supported by Modification No. 10, which is the best evidence of its contents; otherwise, denies the allegations contained in the third and fourth sentences of paragraph 22. The allegations contained in the fifth sentence of paragraph 22 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. Admits the allegations contained in the first sentence of paragraph 23. Denies the allegations contained in the second sentence of paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Admits the allegation contained in the first sentence of paragraph 24 that other cracks occurred. Denies the allegation contained in the first sentence of paragraph 24 that the other cracks could not be explained for lack of knowledge or information sufficient to form a

belief as to their truth, because it is not clear who plaintiff alleges that the other cracks could not be explained by. Admits the allegations contained in the second and third sentences of paragraph 24. Admits the allegation contained in the fourth sentence of paragraph 24 that the Park Service permitted Grunley-Walsh to wait until the Spring of 2006 to effect the repairs. Denies the remaining allegations contained in the fourth sentence of paragraph 24. Denies the allegations contained in the fifth sentence of paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Admits the allegation contained in the first sentence of paragraph 25 that additional cracks were found during the repair work. Denies the remaining allegations contained in the first sentence of paragraph 25. Admits the allegations contained in the second sentence of paragraph 25. Denies the allegations contained in the third sentence of paragraph 25. Denies the allegations contained in the fourth sentence of paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Admits the allegations contained in the first sentence of paragraph 26 that fourteen months after the July 4, 2005 re-opening, in September 2006, the Park Service identified 26 cracks in sidewalks that it wanted to be either replaced or repaired. Denies the remaining allegations contained in the first sentence of paragraph 26. Admits the allegations contained in the second sentence of paragraph 26. Admits the allegation contained in the third sentence of paragraph 26. Denies the allegations contained in the fourth sentence of paragraph 26.

27. Denies the allegations contained in the first sentence of paragraph 27. The allegations contained in the second sentence of paragraph 27 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed

allegations of fact, they are denied.

28. Admits the allegations contained in the first sentence of paragraph 28 that by letter dated November 10, 2006, Grunley-Walsh informed the Park Service that no additional sidewalks would be repaired or replaced to the extent supported by the November 10, 2006 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 28 that by letter dated November 10, 2006, Grunley-Walsh informed the Park Service that no additional sidewalks would be repaired or replaced. Denies the remaining allegations contained in the first sentence of paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 22 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by Contract No. 1443CX305998901; otherwise, they are denied.

29. Admits the allegations contained in the first sentence of paragraph 29 that Modification No. 10 unilaterally deducts $20,000 from Task Order No. 35 for non-conforming irrigation work to the extent supported by Modification No. 10, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 29 that Modification No. 10 unilaterally deducts $20,000 from Task Order No. 35 for non-conforming irrigation work. Denies the remaining allegations contained in the first sentence of paragraph 29. Admits the allegations contained in the second sentence of paragraph 29 to the extent supported by Modification No. 10, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 10. Admits the allegations contained in the third sentence of paragraph 29 to the extent supported by the letter cited, which is the best

evidence of its contents; otherwise, denies the allegations contained in the third sentence of paragraph 29. Admits the allegations contained in the fourth sentence of paragraph 29 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the fourth sentence of paragraph 29.

30. Admits the allegations contained in the first sentence of paragraph 30 to the extent supported by the Davey Tree letter and Park Service irrigation punch list cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first sentence of paragraph 30. The allegations contained in the second sentence of paragraph 30 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the third sentence of paragraph 30. Avers that a single irrigation valve box was damaged by the Park Service. The allegations contained in the fourth and fifth sentences of paragraph 30 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. Defendant's responses to paragraphs 1 through 30 of the complaint are incorporated by reference.

32. The allegations contained in paragraph 32 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 34, or to any relief whatsoever.

AFFIRMATIVE DEFENSES

36. Plaintiff's claims are totally or partially barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contract.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

OF COUNSEL:
Alton Woods
Assistant Solicitor
Emily Parkhurst
Attorney Advisor
Department of the Interior
General Law Division
1849 C Street NW
Room 7322
Washington, DC 20240

s/ Tara Kilfoyle
TARA KILFOYLE
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-1709
Fax: (202) 307-0972

August 17, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August 2007, a copy of the foregoing "DEFENDANT'S ANSWER FED. CL. NO. 07-391C" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Tara Kilfoyle