IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY-WALSH, LLC | ) | |
| | ) | |
| | ) | No. 06-721C, 06-723C, 06-815C, |
| Plaintiff, | ) | 06-816C, 06-837C, 07-085C, |
| | ) | 07-189C, 07-190C, 07-197C |
| v. | ) | 07-200C, 07-281C |
| | ) | (consolidated) |
| | ) | |
| THE UNITED STATES, | ) | (Judge Lettow) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER FED. CL. NO. 07-390C

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Admits the allegations contained in paragraph 2 to the extent supported by the Court's Orders of March 14, 2007 and May 31, 2007, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 2.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits.

5. Denies the allegation contained in the first sentence of paragraph 5 that on May 6, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Avers that on May 13, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Admits the remaining allegations contained in the first sentence of paragraph 5 to the extent supported by Contract No. 1443CX305998901, which is the best evidence of its contents; otherwise, denies the remaining

allegations contained in the first sentence of paragraph 5. The second sentence of paragraph 10 contains plaintiff's characterization of its complaint, to which no response is required. Admits the allegations contained in the third sentence of paragraph 5.

6. Denies the allegation contained in the first sentence of paragraph 6 that Contract Modification No. 7 was dated November 15, 2001. Avers that Contract Modification No. 7 was dated November 21, 2001, and was effective November 15, 2001. The second sentence of paragraph 6 contains plaintiff's characterization of its complaint, to which no response is required. Admits the allegations contained in the third sentence of paragraph 6 to the extent supported by Modification No. 7, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the third sentence of paragraph 6.

7. Admits the allegations contained in the first three sentences of paragraph 7 to the extent supported by Task Order No. 35, which is the best evidence of its contents; otherwise, denies the allegations contained in the first three sentences of paragraph 7. The fourth sentence of paragraph 7 contains plaintiff's characterization of its complaint, to which no response is required.

8. The allegations contained in the first sentence of paragraph 8 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The second sentence of paragraph 8 contains plaintiff's characterization of its complaint, to which no response is required.

9. Admits the allegations contained in paragraph 9 to the extent supported by the March 30, 2007 letter cited, which is the best evidence of its contents; otherwise, denies the

allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the June 14, 2007 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 10.

11. The allegations contained in paragraph 11 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. The allegations contained in paragraph 12 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. Admits the allegations contained in the first sentence of paragraph 13. Admits the allegations contained in the second sentence of paragraph 13 to the extent supported by Task Order No. 28, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 13. The allegations contained in the third sentence of paragraph 13 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the fourth sentence of paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Admits the allegations contained in the first sentence of paragraph 14. Admits the allegation contained in the second sentence of paragraph 14 that the documents stated "NOT FOR CONSTRUCTION" to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies allegation contained in the second sentence of paragraph 14 that the documents stated "NOT FOR CONSTRUCTION." Denies the remaining

allegations contained in the second sentence of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third and fourth sentences of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Admits the allegations contained in the first, second, and third sentences of paragraph 15 to the extent supported by the May 16, 2003 specifications cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first, second, and third sentences of paragraph 15. The allegations contained in the fourth sentence of paragraph 15 constitute plaintiff's characterization of the May 16, 2003 specifications, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the fifth sentence of paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth, because it is unclear for whom plaintiff alleges that the criteria was going to add significant cost.

16. Denies the allegations contained in the first sentence of paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth, because it is not clear who plaintiff alleges "[t]his cost concern first became apparent" to. Admits the allegations contained in the second sentence of paragraph 16 to the extent supported by the August 14, 2003 proposal cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 16. Admits the allegations contained in the third sentence of paragraph 16 to the extent supported by the May 16, 2003 specifications cited in paragraph 15; otherwise, denies the allegations contained in the third sentence of paragraph 16. Denies the allegations contained in the fourth sentence of paragraph 16 for lack of knowledge or information

sufficient to form a belief as to their truth, because it is not clear who plaintiff alleges "expected" the cost to be "several millions of dollars."

17. Denies the allegations contained in the first sentence of paragraph 17. Admits the allegation contained in the second sentence of paragraph 17 that Mr. Donnelly wanted to reduce the cost of the topsoil; denies the remaining allegations contained in the second sentence of paragraph 17. Denies the allegations contained in the third sentence of paragraph 17.

18. Denies the allegation contained in the first sentence of paragraph 18 that Mr. Donnelly requested suggestions for reducing the topsoil cost from Grunley-Walsh during the summer of 2003. Denies the remaining allegations contained in the first sentence of paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second, third, and fourth sentences of paragraph 18 to the extent supported by the October 3, 2003 bid from Cherry Hill, which is the best evidence of its contents; otherwise, denies the allegations contained in the second, third, and fourth sentences of paragraph 18. Admits the allegations contained in the fifth sentence of paragraph 18 to the extent supported by the Specifications cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the fifth sentence of paragraph 18. Denies the allegations contained in the sixth sentence of paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the November 24, 2003 e-mail and RFP cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 19.

20. Denies the allegations contained in the first sentence of paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations

contained in the second sentence of paragraph 20 to the extent supported by the Contracting Officer's Final Decision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 20. Admits the allegation contained in the third sentence of paragraph 20 that the 100% set of Design Development Specifications and Drawings stated they were "NOT FOR CONSTRUCTION" to the extent supported by the 100% set of Design Development Specifications and Drawings cited, which are the best evidence of their contents; otherwise, denies the allegation contained in the third sentence of paragraph 20 that the 100% set of Design Development Specifications and Drawings stated they were "NOT FOR CONSTRUCTION." Denies the remaining allegations contained in the third sentence of paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Admits the allegations contained in the first sentence of paragraph 21 to the extent supported by the e-mail cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 21. Admits the allegations contained in the second sentence of paragraph 21. Denies the allegations contained in the third sentence of paragraph 21. Denies the allegations contained in the fourth sentence of paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. Admits the allegations contained in the first sentence of paragraph 22 to the extent supported by the November 26, 2003 e-mail cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 22. Admits the allegations contained in the second sentence of paragraph 22 that the Site Work price was identified as a specific line item in the amount of $3,185,864 to the extent supported by the "Final, Final, Final Proposal" cited, which is the best evidence of its contents; otherwise, denies

the allegations contained in the second sentence of paragraph 22 that the Site Work price was identified as a specific line item in the amount of $3,185,864. Denies the remaining allegations contained in the second sentence of paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Admits the allegations contained in the first and second sentences of paragraph 23. Denies the allegations contained in the third sentence of paragraph 23 as to what Grunley-Walsh "understood" for lack of knowledge or information sufficient to form a belief as to their truth. Admits the remaining allegations contained in the third sentence of paragraph 23 to the extent supported by Task Order 35, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the third sentence of paragraph 23.

24. Admits the allegations contained in the first sentence of paragraph 24 to the extent supported by Task Order 35 and the accompanying Attachment 1, which are the best evidence of their contents; otherwise, denies the allegations contained in the first sentence of paragraph 24. Denies the allegations contained in the second sentence of paragraph 24. Admits the allegation contained in the third sentence of paragraph 24 that the November 25, 2003 drawings and specifications stated they were "NOT FOR CONSTRUCTION" to the extent supported by the November 25, 2003 drawings and specifications cited, which are the best evidence of their contents; otherwise, denies the allegation contained in the third sentence of paragraph 24 that the November 25, 2003 drawings and specifications stated they were "NOT FOR CONSTRUCTION." Denies the remaining allegations contained in the third sentence of paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth, because it is not clear who plaintiff alleges that the drawings were issued to. The allegation

contained in the fourth sentence of paragraph 24 regarding the "mutuality of this mistaken understanding" constitutes plaintiff's characterization of its case, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the remaining allegations contained in the fourth sentence of paragraph 24 to the extent supported by the contracting officer's final decision cited, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the fourth sentence of paragraph 24. Denies the allegations contained in the fifth sentence of paragraph 24. The allegations contained in the sixth sentence of paragraph 24 constitute plaintiff's characterization of its case in Fed. Cl. No. 07-281, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

25. Admits the allegations contained in the first sentence of paragraph 25 to the extent supported by the November 25, 2003 specifications cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first sentence of paragraph 25. Denies the allegation contained in the second sentence of paragraph 25 that there were discussions between the National Park Service and Grunley-Walsh regarding "Cherry Hill's alternative top soil approach" at the time the November 25, 2003 specifications were issued. Denies the allegations contained in the second sentence of paragraph 25 that the Olin Partnership was "unaware" of the alleged discussions for lack of knowledge or information sufficient to form a belief as to their truth.

26. Denies the allegations contained in the first sentence of paragraph 26 that there was an "understanding" between Grunley-Walsh and the Denver office of the National Park Service regarding an alternative top soil approach and that there were "pre-award discussions concerning the topsoil alternative to be provided by Cherry Hill." Denies the remaining

allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth, because it is unclear to whom plaintiff alleges it became "apparent" that local Park Service representatives were allegedly uninformed. Denies the allegations contained in the second sentence of paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth, because it is unclear which Park Service representatives plaintiff alleges recognized that "the top soil sand content contemplated by the specifications was excessive." Admits the allegations contained in the third sentence of paragraph 26 to the extent supported by the Contracting Officer's Final Decision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the third sentence of paragraph 26. Denies the allegations contained in the fourth sentence of paragraph 26.

27. Admits the allegations contained in the first and second sentence of paragraph 27 to the extent supported by the March 23, 2005 memorandum cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first and second sentences of paragraph 27. Admits the allegation contained in the third sentence of paragraph 27 that the sand mix ratio was less than the specified ratio; denies the remaining allegations contained in the third sentence of paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28. Admits the allegations contained in the first and second sentences of paragraph 28 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first and second sentences of paragraph 28. Denies the allegations contained in the third sentence of paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the fourth sentence

of paragraph 28 that the Contracting Officer's letter indicated that the top soil was to receive a soil amendment to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegation contained in the fourth sentence of paragraph 28 that the Contracting Officer's letter indicated that the top soil was to receive a soil amendment. Denies the allegation contained in the fourth sentence of paragraph 28 that a "soil amendment" is known as "leaf grow." The allegations contained in the fifth sentence of paragraph 28 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Denies the allegations contained in the first sentence of paragraph 29. Admits the allegation contained in the second sentence of paragraph 29 that Mr. Giller sent Bassem Soueidan of Grunley-Walsh a letter dated April 1, 2005. Denies the remaining allegations contained in the second sentence of paragraph 29. Admits the remaining allegations contained in paragraph 29 to the extent supported by the April 1, 2005 letter cited, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in paragraph 29.

30. The allegations contained in the first sentence of paragraph 30 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 30. Avers that the April 1, 2005 letter stated that "[t]hese 'Best Practices' supercede[] the specifications with respect to the proportion of sandy loam and organics." Denies the allegations contained in the third sentence of paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. The allegations contained in the first sentence of paragraph 31 constitute

conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The second sentence of paragraph 31 contains plaintiff's characterization of its complaint, to which no response is required. Denies the allegations contained in the third sentence of paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the fourth sentence of paragraph 31 to the extent supported by the April 25, 2005 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the fourth sentence of paragraph 31.

32. Admits the allegations contained in the first sentence of paragraph 32 that topsoil was delivered to the site on May 3-6, 2005; denies the remaining allegations contained in the first sentence of paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second and third sentences of paragraph 32 to the extent supported by the May 13, 2005 letter cited, which is the best evidence of its contents, otherwise, denies the allegations contained in the second and third sentences of paragraph 32.

33. Admits the allegations contained in the first sentence of paragraph 33 to the extent supported by the May 17, 2005 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 33. Denies the allegations contained in the second sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 33 to the extent supported by the May 17, 2005 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the third sentence of paragraph 33. Admits the allegations contained in the fourth sentence of paragraph 33 to the extent supported

by the invoice statements cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the fourth sentence of paragraph 33.

34. Denies the allegations contained in the first sentence of paragraph 34. Admits the allegation contained in the second sentence of paragraph 34 that Grunley-Walsh placed some leaf grow mixed with sand and topsoil. The remaining allegations contained in the second sentence of paragraph 34 constitute plaintiff's characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are denied. The third sentence of paragraph 34 contains plaintiff's characterization of its complaint, to which no response is required.

35. The allegations contained in paragraph 35 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36. Admits the allegation contained in paragraph 36 that Grunley-Walsh requested a contracting officer's final decision on January 30, 2007, to the extent supported by the letter at Exhibit C to Grunley-Walsh's complaint, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 36 that Grunley-Walsh requested a contracting officer's final decision on January30, 2007. The remaining allegations contained in paragraph 36 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38. Defendant's responses to paragraphs 1 through 37 of the complaint are incorporated by reference.

39. The allegations contained in paragraph 39 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 41, or to any relief whatsoever.

41[second]. Defendant's responses to paragraphs 1 through 42 of the complaint are incorporated by reference.

42. The allegations contained in paragraph 42 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Admits the allegations contained in paragraph 47 to the extent supported by

Paragraph 1.1 of the Project Requirements attached to Task Order 35, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 47.

48. Denies the allegations contained in paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth.

49. Denies.

50. Denies the allegations contained in paragraph 50 for lack of knowledge or information to form a belief as to their truth.

51. Denies the allegations contained in the first sentence of paragraph 51. The allegations contained in the second sentence of paragraph 51 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

52. The allegations contained in paragraph 52 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

53. Denied.

54. Admits the allegation contained in paragraph 54 that the Government directed a top soil approach different than that set forth in the design specifications in accordance with the Park Services "best practices." Denies the remaining allegations contained in paragraph 54.

55. Denied.

56. The allegations contained in paragraph 56 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 56, or to any relief whatsoever.

AFFIRMATIVE DEFENSES

58. Plaintiff's claims are totally or partially barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contract.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Tara Kilfoyle
TARA KILFOYLE
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-1709
Fax: (202) 307-0972

OF COUNSEL:
Alton Woods
Assistant Solicitor
Emily Parkhurst
Attorney Advisor
Department of the Interior
General Law Division
1849 C Street NW
Room 7322
Washington, DC 20240

August 18, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August 2007, a copy of the foregoing "DEFENDANT'S ANSWER FED. CL. NO. 07-390C" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Tara Kilfoyle