IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Nos. 06-721C; 06-723C; 06-815C; 06-816C; 06-837C; 07-85C; 07-189C; 07-190C; 07-197C; 07-200C; 07-281C; 07-390C; & 07-391C (consolidated)

(Filed: November 9, 2007)

GRUNLEY-WALSH, LLC,

Plaintiff,

v.

UNITED STATES,

Defendant.

ORDER

Pending before the court is the government's Unopposed Motion for Entry of First Discovery Order, filed November 7, 2007. The government requests that the Court enter a proposed Discovery Order, the purpose of which is to expedite efforts to exchange a large volume of documents by providing a mechanism for recovery of privileged documents disclosed by mistake.

For good cause shown, the government's motion is GRANTED. Because discovery and other proceedings in this case may require the review of numerous documents and other information to determine whether they are protected from discovery by various privileges or other protections and because the parties have expressed a need to allow discovery to proceed in an expeditious and efficient manner without waiver of any privilege or other protection, the court orders that the parties shall adhere to the following terms and conditions during their conduct of discovery:

General Provisions

1. The term "document" includes all writings, graphics or other messages in all media, including, but not limited to, paper and computer memory. The term "Documents Produced" means all documents made available for review, or produced in any manner, during this litigation:

   A. from a party, or from a contractor to a party, or from a subcontractor to a party,

   B. to another party or to both parties.

Provisions Regarding Privileged Material

2. In view of the large volume of Documents Produced, the parties recognize that Documents Produced may include documents that could have been withheld in whole or in part upon the basis of privilege or some other protection. The parties agree that mere production of all or part of a document shall not constitute a waiver of any privilege or other protection as to any portion of that document, in this or in any other proceeding, if the producing entity provides a notice seeking the return of the document, or the redaction of a portion of the document to obscure the privileged or otherwise protected information.

3. The notice (referenced in paragraph 2) shall be in writing, shall be served upon counsel of record for all parties, and shall contain information sufficient to (1) identify the document, including information as necessary to locate the materials produced; (2) identify the privilege or protection alleged; and (3) explain the basis for the invocation of the privilege or protection. To be effective, the notice must be given no later than 10 business days after exhibit lists are filed in this case pursuant to RCFC Appendix A, ¶ 13(b).

4. Upon receipt of proper notice from the producing entity, the parties will return or redact the documents, as requested.

5. After receipt of proper notice, the receiving party shall not disclose, or refer to, the allegedly privileged or protected material in any manner, except as provided in paragraph 6. Past disclosures or references will be eliminated or ameliorated to the extent possible.

6. A party may challenge the assertion of any privilege or other protection for any document subject to a notice pursuant to paragraphs 2 and 3. The motion challenging the assertion of the privilege or other protection shall be filed under seal. Any such motion must be filed within 60 days from receipt of the notice pursuant to paragraphs 2 and 3. Decisions regarding the unsealing of any motion or related filing shall be made by the Court in subsequent proceedings.

7. Nothing in this Order shall prohibit a producing entity from withholding from review and/or production any document covered by any privilege(s).

8. Experts for either party may review any Produced Document, but the experts shall be bound by any notice pursuant to paragraphs 2 and 3 to the same extent as the party who hired the expert.

Provisions Regarding Administration Of This Order

9. If plaintiff or defendant has cause to believe that a violation of this Order has occurred or is about to occur, it shall have the right to petition this Court for

appropriate relief.

10. Plaintiff or defendant may seek a modification of this Order at any time, but the provisions of this Order shall continue to be binding after the termination of this action unless otherwise ordered.

It is so ORDERED.

s/ Charles F. Lettow
Judge